```
FILED IN CLERK'S OFFICE
    U.S.D.C. - Atlanta

    JAN 16 2018

JAMES N. HATTEN, Clerk
By:_____ Deputy Clerk
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Lisa R. Lee,<br>    Petitioner,<br><br>vs<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Criminal No. 1:10-CR-00345-RWS-LTW<br>[ DOC 179 ]<br>Motion For Preliminary Hearing<br>Under Rule 12(i)<br>(Fed. R. Civ. P. 12(i))<br><br>Hearing Date:_____<br>Hearing Time:_____<br>Courtroom:_____ |

MOTION FOR PRELIMINARY HEARING
UNDER RULE 12(i)

### RELIEF REQUESTED

Petitioner moves the court to exercise its discretion under Rule 12(i) of the Federal Rules of Civil Procedure and hold a preliminary hearing on the defendant's defense that this court lacks subject matter jurisdiction of this action regarding all counts in the "indictment".[1]

### GROUNDS FOR RELIEF

The grounds for the motion are that a resolution of this defense prior to trial will save both parties and the court considerable time and expense. The defense of lack of subject matter jurisdiction is one of the principal defenses asserted in this case. The facts related to this defense are set out in the prior pleadings and are undisputed. Resolution of this defense will serve the

---

[1] Fed. R. Civ. P. 12(i) gives trial courts complete discretion over the method and timetable for resolving any of the defenses that may be raised in a pleading or motion under Fed. R. Civ. P. 12(b). Whether and when to determine these types of defenses in advance of trial is one of the principal functions of pretrial conferences. See Fed. R. Civ. P. 16(c)(2)(A), (2)(N).

parties and the interest of justice regardless of the court's determination. If the court finds that it has subject matter jurisdiction, the most serious obstacle to a negotiated settlement of this matter will be removed. Even if the court rules that there is no subject matter jurisdiction over this claim, that ruling would spare both parties and the court the time and expense of extensive pretrial investigation and preparation on the complex factual issues of the merits of the case and provide the plaintiff with a final, appealable judgment on which it could seek immediate review.

## MOVING PAPERS

This Motion is based on the pleadings and papers on file in this action, on this Motion, on the attached Notice of Motion, and on the attached supporting Statement of Evidence FRAP 10(c) and associated Affidavit [Docs 146 & 150].

Dated: _12-14-17_

                                      Lisa R. Lee #55562-019
                                      PRO SE REPRESENTATION
                                      Without Prejudice UCC 1-308
                                      Federal Correctional Institution
                                      Satellite Prison Camp-Aliceville
                                      P.O. Box 487
                                      Aliceville, AL 35442

[TEXT OF AFFIDAVIT, Page 1 of 2, SEE Docs 146 & 150]

---

## AFFIDAVIT
## PURSUANT TO FRAP 10(c)

---

COMES NOW, Lisa Lee, PRO SE prisoner; submitting this affidavit (there is no transcript covering these points. Lee certifies all statements herein are true and correct to the best of her knowledge and belief and she makes these statements under penalty of perjury, 28 U.S.C. 1746.

1) After sentencing, Lee was remanded immediately into Marshal Custody, to begin her sentence; a violation of Rule 62 (FRCP) which directs there shall be an automatic 10-day stay on the execution of all judgments

2) Matthew Dodge (trial attorney) at sentencing and immediate after:

   (a) failed to Inform the Court of the (non-boiler-plate) language on the BOND document which indicated defendant was authorized to remain on bond "through all appeals and reviews" [ See doc entry 22 ]. Lee has been continuously on appeal during FIVE YEARS of incarceration.

   (b) failed to MOVE the Court for Bond Pending Appeal by offering the existing bond and supersedeas when filing NOTICE OF APPEAL

3) None of the alleged conduct in the [defective] indictment and alleged in the PSR satisfies the requirements for "pattern or racketeering activity" predicate offenses; necessary for a conviction on RICO statutory codes 18 U.S.C. sections 1341 and 1343.

4) The government knew or should have known that the "indictment" fails to satisfy the heightened pleading standard required for common law fraud.

page 1 of 2

[TEXT OF AFFIDAVIT, Page 2 of 2, SEE Docs 146 & 150]

5) The Court knew (or should have known) that it lacked subject-matter jurisdiction because from the face of the "indictment", it is apparent the alleged conduct is not proscribed by the statutory codes recited (18 U.S.C. 1341 & 1343) whose history and purpose are tied to Racketeering Influenced Corrupt Organizations; also know as "Organized Crime"

6) The Government knew or should have known:
The conduct alleged was not what Congress forbade by the statutes (which require a "scheme or artifice to defraud") depriving or attempting to deprive a person of "money or property". Credit is not money; is not "property"; credit is "the benefit of a contract"; is intangible; does not satisfy the definition of "property" by Black's Law dictionary or by the Uniform Commercial Code.

7) The Government, U.S. Probation & Bureau of Prisons, knew (or should have known):

(A) The judgment was not "fully executed"; there has been no entry "on the record" of a marshal return; the judgment has not been properly certified by signature and court seal.

(B) The Statement of Reasons indicates the guidelines do not exceed 24 months and the Court finds no reason to depart. However, Lee was sentenced to a total of 121 months. The Statement of Reasons bears a "stamp" from the Office of U.S. Probation, but none from the court.

(C) The Bureau of Prisons accepted and detained Lee in the absence of a properly certified judgment; bearing no seal of the Court and no marshal return, in violation of established BOP policy statements.

Respectfully submitted 5/22/17    s/Lisa Lee  USM 55562-019
without prejudice UCC 1-308
PRO SE REPRESENTATION
FCI ALICEVILLE, SPC
P.O.BOX 487
ALICEVILLE, AL  35442

pg 2 or 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN - 6 2017

JAMES N. HATTEN, Clerk
By: Deputy Clerk

Lisa Lee

vs.

UNITED STATES OF AMERICA

Case No. 1:10-CR-00345-WCO-CCH
( Appeal No. 17-12059 )
STATEMENT OF EVIDENCE
PURSUANT TO FRAP 10(c)

---

STATEMENT OF EVIDENCE
PURSUANT TO FRAP 10(c)

---

COMES NOW, Lisa Lee, PRO SE prisoner; submitting this STATEMENT OF EVIDENCE when there is no transcript available. Lee certifies all statements are factual and accurate to the best of her knowledge and beliefs and makes these statements under penalty of perjury, 28 U.S.C. section 1746.

1) After sentencing, Lee was remanded immediately into Marshal Custody, to begin her sentence; a violation of Rule 62 (FRCP) which directs shall be an automatic 10-day stay on the execution of all judgments.

2) Matthew Dodge (trial attorney) at sentencing and immediately after:

   (a) failed to inform the court of the (non-boiler-plate) language on the BOND document which indicated defendant was authorized to remain on bond "through all appeals and reviews" [see doc 22]. Lee has been continuously on appeal during FIVE YEARS of incarceration.

   (b) failed to MOVE the Court for Bond Pending Appeal by offering the existing bond and supersedeas when filing NOTICE OF APPEAL.

3) None of the alleged conduct in the [defective] indictment and alleged in the PSR satisfies the requirements for "pattern or racketeering activity" predicate offenses; necessary for a conviction on RICO statutory codes 18 U.S.C. sections 1341 and 1343.

4) The government knew or should have known that the "indictment" fails to satisfy the heightened pleading standard required for common law fraud.

Statement of Evid.          page 1 of 2

5) The Court knew (or should have known) that it lacked subject-matter jurisdiction because from the face of the "indictment", it is apparent the alleged conduct is not proscribed by the statutory codes recited (18 U.S.C. 1341 & 1343) whose history and purpose are tied to Racketeering Influenced Corrupt Organizations; also know as "Organized Crime".

6) The Government knew or should have known:
The conduct alleged was not what Congress forbade by the statutes (which require a "scheme or artifice to defraud") depriving or attempting to deprive a person of "money or property". Credit is not money; is not "property"; credit is "the benefit of a contract"; is intangible; does not satisfy the definition of "property" by Black's Law dictionary or by the Uniform Commercial Code.

7) The Government; U.S. Probation; & the Bureau of Prisons, knew (or should have known):

   (A) The judgment was not "fully executed"; there has been no entry "on the record" of a marshal return; the judgment has not been properly certified by signature and court seal.

   (B) The Statement of Reasons indicates the guidelines do not exceed 24 months and the Court finds no reason to depart. However, Lee was sentenced to a total of 121 months. The Statement of Reasons bears a "stamp" from the Office of U.S. Probation, but none from the court.

   (C) The Bureau of Prisons accepted and detained Lee in the absence of a properly certified judgment; bearing no seal of the Court and no marshal return, in violation of established BOP policy statements.

The government has 10 days from the filing of this document to file a dispute. Otherwise, the government can agree by signing the document:

The government hereby agrees to the statements contained herein and agrees by a duly authorized representative of the government signing below:

_____   _____
Please print name                      Signature                    date

respectfully submitted by Lisa Lee, 55562-019, PRO SE prisoner residing at Aliceville FCI, SPC, P.O. Box 487, Aliceville, Alabama 35442    *[signed]* 6/1/17

Statement of Evid.              page 2 of 2

CERTIFICATE OF SERVICE

This is to certify, under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing:

PROPOSED ORDER (Writ of Habeas Corpus Ad Testificandum)

MOTION FOR CORRECTION OF THE RECORD + (previously filed)
    Motion For Preliminary Hearing Under Rule 12(i)
        with exhibits

upon the following address(es) by placing same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service, to:

U.S. District Court
Attn: Clerk of Court
75 Ted Turner Dr SW
Atlanta, GA 30303

CRT MAIL NO:
7012 2920 0001 7093 8403

and deposited it in the postal box provided for inmates on the grounds of the Federal Correctional Institution, Aliceville, AL on this _12 717_ day of ___January___, 20_18_.

_____
Signature

Register No. 55562-019, Lisa R. Lee, PRO SE
Federal Correctional Institution-Aliceville
Satellite Prison Camp (SPC)
P.O. Box 487
Aliceville, AL 35442

Litigation is deemed FILED at the time it was delivered to prison authorities. See **Houston v. Lack**, 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Lisa R. Lee,<br>    A Prisoner<br><br>1:10-CR-00345-RWS-LTW<br>    In the Matter of:<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>Lisa Lee,<br>    Defendant | Docket No. 185<br><br>WRIT OF HABEAS CORPUS<br>AD TESTIFICANDUM |

THE PRESIDENT OF THE UNITED STATES
OF AMERICA

TO WARDEN PATRICIA BRADLEY,
Federal Correctional Institution-Aliceville

    YOU ARE COMMANDED to deliver custody of:

Name:           Lisa R. Lee
Gender:         Female
Date of Birth:  March 31, 1960
Prisoner No.:   55562-019

who is currently in your physical custody to the United States Marshal for delivery to the United States District Court for the Northern District of Georgia for purposes of testifying in the case of United States v. Lisa Lee. You are to deliver Lisa Lee to the United States Marshal at the Satellite Prison Camp Administration Building located at 11070 Highway 14, Aliceville, Alabama 35442.

    The United States Marshal is ordered to transport Lisa R. Lee to a location convenient for the prisoner to access public transportation, e.g. Greyhound Bus Station, Tuscaloosa, Alabama. The

1 of 2

United States Marshal is further ordered that upon delivery of defendant along with her personal effects and legal documents, (not to exceed 75 lbs.), to the bus station, the United States Marshal's custody shall be terminated until further ordered by the Court.

**WITNESS** the Honorable Richard W. Story, Judge of the United States District Court for the Northern District of Georgia on \_\_\_\_\_ day of _____, 2018.

_____

Clerk, United States District Court for the Northern District of Georgia

_____

By: _____
        [Signature]

**Deputy Clerk**

SO ORDERED, _____[date]:

_____

UNITED STATES DISTRICT JUDGE



CERTIFIED MAIL™

7012 2920 0001 7093 8403

CLEARED
JAN 16 2018
U.S. Marshals
Atlanta, Ga.

Lisa Lee 55562-019
Federal Correctional Just-Aliceville
Satellite Prison Camp
Aliceville, AL 35442

U.S. District Court
Clerk of Court
75 Ted Turner Dr. SW
Atlanta, GA 30303