IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA R. LEE,<br>    Movant, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-345-RWS-LTW |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1453-RWS-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 her judgment of conviction. (Doc. 88 (original § 2255 motion); Doc. 208 (amended motion).)[1]  Movant claims that her former counsel, W. Matthew Dodge, rendered ineffective assistance at the investigation, plea, sentencing, and appeal stages of this case. (*Id.*; Doc. 208-1 (amended brief in support of § 2255 motion).)

In 2014, the Court denied the § 2255 motion without obtaining Respondent's position. (Doc. 112.)  The Court found that Movant had not shown the prejudice required to prevail on her claims of ineffective assistance of counsel. (*Id.*)  But the Court addressed only one form of prejudice Movant had alleged – that her sentence was longer than it would have been absent Dodge's ineffectiveness. (*See id.* at 10.)

---

[1] All citations to the record are to case number 1:10-cr-345-RWS-LTW.

The U.S. Court of Appeals for the Eleventh Circuit held that the Court erred by not addressing the other forms of prejudice Movant alleged in her § 2255 motion. (Doc. 163-1.) "Liberally construing [Movant's § 2255] . . . motion, she also alleged prejudice from her counsel's failures to challenge her indictment, provide her with information relevant to her guilty plea, and make better arguments on direct appeal." (*Id.* at 7.) The court of appeals thus remanded the case for this Court "to address, in the first instance, [Movant's] . . . claims of ineffective assistance in light of her various allegations of prejudice," (*id.*), specifically the "allegations of prejudice unrelated to the length of her sentence," (*id.* at 13).

On remand, the Court directed Respondent to file a response to the amended § 2255 motion. (Doc. 182.) Respondent filed a response opposing relief, in which it contends that Movant has not shown prejudice for any of her claims. (Doc. 203.)

## I.    Background

The history of this case prior to the § 2255 proceedings is thoroughly discussed in the Court's prior post-judgment Order. (Doc. 112 at 1-7.) The Court will not repeat that entire discussion here, but will briefly summarize it before discussing Movant's claims.

AO 72A
(Rev.8/82)

This is Movant's second criminal case in this Court.  In the first case, Movant pled guilty to mortgage fraud and mail fraud and was sentenced to eighteen months' imprisonment.  (*Id.* at 2.)  In 2006, Movant left prison and began a three-year term of supervised release.  (*Id.*)

> Immediately upon the commencement of her term of supervised release, [Movant] engaged in an extensive and sophisticated bank fraud and identity theft scheme from November 2006 through December 2008. On December 10, 2008, [Movant] was arrested on a warrant listing a variety of violations of her supervised release, and the Government moved to revoke [Movant's] supervised release. At the revocation hearing, the Government alleged thirteen violations of her supervised release, all of which [Movant] admitted.

(*Id.*)  The Court sentenced Movant to twenty-three months' imprisonment for "her breach of trust in violating the terms of her release" and "not [] as punishment for the underlying actions on which the revocation was based."  (Doc. 83 at 4.)

When Movant was released from that imprisonment in August 2010, a grand jury indicted her for those underlying actions, resulting in this second criminal case. (Doc. 1.)  The indictment charged Movant with one count of conspiring to commit bank, mail and wire fraud; one count of aiding and abetting bank fraud; and one count of aggravated identity theft.  (*Id.*)

3

The indictment described a "complex and sophisticated fraud scheme." (Doc. 112 at 3.)  Movant

> initiated the scheme by reactivating with the Georgia Secretary of State the corporate status of a previously dormant company, "A.B. Development." She then used the A.B. Development business name to fraudulently acquire credit using the identity of other corporations in Georgia without the knowledge of the true owners of those corporations. She initiated both new corporate registrations in Georgia as well as Dun & Bradstreet credit information for those corporations as a means of applying for new corporate lines of credit with retailers and banks. She then accessed this credit through purchases and cash withdrawals.

(*Id.* at 3-4 (citations omitted).)

In August 2011, Movant pled guilty, without a plea agreement, to all three counts of the indictment.  (Doc. 59-1 (plea); Doc. 125 (transcript of plea hearing).) A few months later, the Court sentenced Movant to ninety-seven months' imprisonment for the conspiracy and bank fraud crimes and an additional twenty-four months' imprisonment for the aggravated identity theft crime, for a total of 121 months.  (Doc. 70 (judgment); Doc. 77 (transcript of sentencing hearing).)

Movant appealed, arguing only that her sentence was substantively unreasonable.  (Doc. 83.)  The court of appeals rejected that claim and affirmed the judgment.  (*Id.*)

4

Dodge represented Movant throughout this case, from arraignment through appeal. Movant contends that Dodge provided ineffective assistance at every stage. The Court previously listed the claims of ineffectiveness. (Doc. 112 at 9 n.3-6.)

## II.    Legal Standards For Relief Under 28 U.S.C. § Section 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and

5

"must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took or would have failed to take the action he contends the lawyer should have taken. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## III.   Analysis

In its prior Order, the Court addressed Movant's claim that Dodge's ineffective assistance at sentencing prejudiced Movant by lengthening her sentence. (Doc. 112.) The Court reaffirms those findings and now addresses Movant's claims that she was prejudiced by Dodge's ineffectiveness at the other stages of this case.

A.      Pre-Plea Stage

Movant claims that Dodge failed to interview witnesses and subpoena documents, investigate whether the case actually was presented to a grand jury, obtain the file from Movant's prior criminal case, show Movant all the evidence, and challenge the indictment.  (Doc. 208 at 4.)  Movant does not clearly identify the prejudice she allegedly suffered from those failures, but a liberal construction of her § 2255 filings suggests that the indictment would have been dismissed and her sentence would have been shorter had Dodge been effective.[2]

Movant claims that the indictment should have been dismissed because: (1) it was procedurally defective; (2) it failed to allege an essential element of bank fraud; (3) Movant's right to a speedy trial was violated; (4) Respondent used immunized information obtained from Movant in proffer sessions; and (5) Movant did not commit bank fraud as alleged in the indictment.  (*Id.*; Doc. 208-1 at 10-18, 30.)  Movant also alleged that she "suffered actual prejudice from . . . pre-indictment delay [before pleading guilty] by having additional mental stress an[d] anguish regarding the possibility of additional charges."  (Doc. 208-1 at 20.)

---

[2] As noted above, the Court has analyzed and rejected Movant's claims that her sentence was excessive or otherwise was impacted by Dodge's allegedly deficient performance.  (Doc. 112.)

AO 72A
(Rev.8/82)

Respondent has asserted the defense that Movant waived her claims of ineffective assistance in the pre-plea stage by pleading guilty. (Doc. 203 at 12.) The Court agrees that those claims are waived.

"[A] § 2255 movant who entered a valid guilty plea waives any pre-plea ineffective assistance claims that do not concern [her] decision to enter the plea." *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011); *see Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (holding that district court properly dismissed, without an evidentiary hearing, § 2255 movant's "claim of ineffective assistance . . . involv[ing] pre-plea issues" as waived by the guilty plea). Movant's guilty plea waived her claims that Dodge rendered ineffective assistance in pre-plea proceedings by not obtaining dismissal of the indictment.

Even if Movant's claims of pre-plea ineffectiveness were not waived, Movant has not shown deficient performance by Dodge or prejudice for the reasons explained in Respondent's brief. (*See* Doc. 203 at 12-19.) Movant has never identified any evidence that Dodge could have obtained from witnesses (whom Movant also did not identify) that would have defeated the charges in the indictment. Nor has she ever identified any self-incriminating statements that she made to Respondent to support her claim that Dodge should have sought dismissal of the case for Respondent's use

AO 72A
(Rev.8/82)

of immunized information from Movant. Indeed, Movant asserts her innocence throughout her § 2255 filings and claims that she gave *exculpatory* information to Respondent before pleading guilty. (*See* Doc. 208-1 at 18-19 (stating that she told Respondent that she "<u>was not in the bank</u>" when another person tried to deposit a counterfeit check), 23 (suggesting that she told Respondent she had "good intentions" and never intended to defraud anyone).)

Nor was Movant prejudiced by Dodge's failure to challenge the indictment on speedy trial grounds. Movant was arrested within two days of issuance of the indictment, and less then seventy days passed between issuance of the indictment and Movant's guilty plea. (*See* Doc. 203 at 15-16 & n.8.) There was thus no speedy trial violation to cause Movant "additional mental stress an[d] anguish regarding the possibility of additional charges." (*See* Doc. 208-1 at 20.)

And Movant's claim that the indictment would have been dismissed had Dodge challenged it as procedurally defective is frivolous. The absence of the word "grand" before "jury foreman" on the indictment does not render the indictment defective. (*See* Doc. 208-1 at 10.) Nor does the absence of the words "filed in open court" on the indictment render it defective – as there is no evidence that the indictment was not properly returned – or support dismissal of the indictment. *See id.*; *Bank of Nova*

AO 72A
(Rev.8/82)

*Scotia v. United States*, 487 U.S. 250, 256 (1988) (dismissal for non-constitutional errors "is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations" (quotation marks omitted)).

Movant has not shown that Dodge was deficient in the pre-plea stage of this case or that she was prejudiced by his acts or omissions during that stage. So even if those ineffective assistance claims were not waived, Movant is not entitled to relief.

### B.    Plea Stage

Movant claims that Dodge was ineffective for: (1) not explaining to her the elements of the charged crimes; (2) incorrectly telling her that she had to plead guilty to all or none of the crimes, and not telling her that she could plead guilty to only one crime and stand trial on the others; (3) incorrectly telling her that she was guilty of aiding and abetting bank fraud because she allowed her photograph to be taken for a fake identification card, even though she prevented the fraud; and (4) incorrectly telling her it did not matter whether she intended to defraud because she associated with a guilty person and loss occurred. (Doc. 208 at 5.) Movant alleges various forms of prejudice from those alleged failures.

10

First, Movant claims that "[a]s a result of this ineffective counsel, [she] has been imprisoned FOR A SECOND TIME FOR THE SAME CONDUCT, without any new conduct occurring AND has been given and is currently serving a sentence which is approximately 4X as long as a properly calculated guideline recommends . . . ." (Doc. 208-1 at 8 (underlining omitted).)  As discussed above, this Court and the court of appeals have rejected Movant's claim that she has been imprisoned twice for the same conduct.  (Docs. 83, 112.)  And the Court previously found that Movant's sentence was not lengthened by any ineffective assistance of counsel.  (Doc. 112.)

Second, Movant claims that she "unwittingly plead guilty to conduct which is not a crime."  (Doc. 208-1 at 16.)  Movant refers here to the bank fraud count of the indictment, (*id.* at 13-18), claiming that "[n]othing except the indictment supports [Movant's] guilt of Count 2," (*id.* at 17), and that "she is both actually and legally innocent of Count-2 of the indictment," (*id.* at 18).

A § 2255 movant claiming prejudice from counsel's representation in connection with a guilty plea must show "'a reasonable probability that, but for counsel's efforts, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Movant does not expressly claim that she would have stood

11

trial rather than plead guilty if not for Dodge's alleged ineffectiveness. But even if she did, the record precludes a finding that she would have stood trial if Dodge had given her better advice. Indeed, the record precludes a finding that Dodge's performance was deficient, which alone defeats her ineffective assistance claim.

At the plea hearing, all of the things Movant claims not to have known or understood because of Dodge's poor representation were adequately and correctly explained. The Court first read and explained each count of the indictment. (Doc. 125 at 5-12.) The Court told Movant what Respondent had to prove for each count, told her that Respondent had to prove she intended to do the unlawful acts underlying each count, and told her that she was guilty of bank fraud only if she knowingly intended for someone else to commit that crime. (*Id.*) Movant confirmed that she understood the explanation of all charges and did not have any questions about the charges. (*Id.* at 10, 12, 14.) Movant never stated that Dodge had told her something different about the elements or nature of any of the crimes (as she now claims he had done).

After stating her understanding of the crimes and the proof required for each, Movant discussed in detail the facts that proved her guilt:

> THE COURT: Are you pleading guilty because you are in fact guilty? Did you do what you're charged with doing?

AO 72A
(Rev.8/82)

THE DEFENDANT: I did.

THE COURT: You had some others helping you do all this, I guess?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And did you all come up with a way to try to get money from SunTrust and Flagstar Bank?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And the whole idea was that you were going to make false statements to them and they were going to give you some credit or something like that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And did you set up – did you all set up A.B. Development?

THE DEFENDANT: I did, Your Honor.

THE COURT: You did?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And did you all then set up some other companies to do things to boost the apparent creditworthiness of these companies?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you did that for the purposes of illegally getting money from these banks?

13

THE DEFENDANT: Yes, Your Honor.

THE COURT: Tell me, Mr. Oldham, about the – well, I'm getting ahead of myself.

Did you on December of 2008, attempt to execute a scheme to defraud the Flagstar Bank by opening an account for Photo Books?

THE DEFENDANT: I drove someone to the bank that opened the account.

MR. DODGE: Say it a little louder.

THE DEFENDANT: I drove someone to the bank that opened the account.

THE COURT: And you knew what was going on?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And what did she –

THE DEFENDANT: It was a he.

THE COURT: What kind of identification did she possess?

MR. OLDHAM: She possessed a driver's license in the name of a woman, a woman named Kelly Moonshower, and it had Ms. Moonshower's identifiers in the license, but the license purported – it bore Ms. Lee's photograph and it was that license that was used to open up the checking account at Flagstar Bank.

THE COURT: Did you use that or did the other person use that?

THE DEFENDANT: The other person.

14

THE COURT: Did you possess the identification from the beginning?

THE DEFENDANT: I did, Your Honor.

THE COURT: And you gave it to this other person?

THE DEFENDANT: No. I gave them – they had a photocopy of it. I didn't give them the actual but they had a photocopy of it. They took the photocopy into the bank.

THE COURT: You gave them the photocopy of it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And the whole purpose of doing that was to show some identification to the bank so they would open the account?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. In all instances, Ms. Lee, you knew what you were doing was unlawful?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. This is the last time you get to change your mind about pleading guilty. Is this what you want to do? Do you think it's in your best interest to do it?

THE DEFENDANT: Yes, Your Honor. I was wrong.

15

(*Id.* at 17-20.) Movant's admissions at the plea hearing demonstrate that she was not operating under bad or inadequate advice from Dodge and that, even if she was, she was not prejudiced by such advice.

A finding that Movant pled guilty because of Dodge's alleged deficiencies is further precluded by Movant's own claims in her § 2255 motion. Movant claims that she pled guilty to prevent her daughter from being indicted, i.e, because she "was unwilling to risk her daughter" and "because of threats to her daughter" from Respondent. (Doc. 208-1 at 6-7, 18.) Taking Movant at her word, she cannot show prejudice – that she pled guilty only because of Dodge's ineffectiveness – because she pled guilty to protect her daughter from prosecution.

Finally, Movant has not shown that she would have went to trial on one or two counts of the indictment if she knew – as she claims she did not – that she did not have to plead guilty to all three counts. The Court discussed with Movant the elements of and facts supporting Movant's guilt on each count. Movant's sworn admissions of those facts demonstrate that she was guilty of all counts and did not have a viable defense to any of them. Movant has never presented a viable defense. And as Respondent demonstrated, the overwhelming evidence of Movant's guilt shows that no viable defense existed. (*See* Doc. 203 at 21-23; *see also* Doc. 112.) Given that

16

overwhelming evidence and Movant's admissions at the plea hearing, there is not a reasonable probability that Movant would have insisted on going to trial on any count, or that doing so would have been rational, had Dodge given her better advice. *See Diveroli v. United States*, 803 F.3d 1258, 1263-65 (11th Cir. 2015).

C.    Appeal Stage

Movant claims that Dodge should have presented all the errors listed in her § 2255 motion on appeal because they were "clearly stronger than the arguments presented." (Doc. 208-1 at 25.) Movant faults Dodge for presenting only one claim on appeal – that the sentence was substantively unreasonable – and refusing to amend the appellate brief to include the other errors in her indictment, plea, and sentence. (*Id.* at 2-5, 8.)

The prejudice Movant appears to claim is that she would have prevailed on appeal if Dodge had raised all those alleged errors. But as explained above, regarding the pre-plea and plea stages, and in the Court's prior Order, regarding the sentencing stage, there is no merit in any of Movant's claims of error. (*See supra* Parts III.A-B; Doc. 112.) Movant has not shown a reasonable probability of success on appeal if Dodge had presented other claims. Nor has she shown that no reasonable lawyer would have failed to present other claims on appeal. *See Griffin v. United States*, 204

AO 72A
(Rev.8/82)

F. App'x 792, 795 (11th Cir. 2006) ("It is not enough to show that . . . counsel could have done more."). Movant thus is not entitled to relief under § 2255.

The U.S. Supreme Court has repeatedly emphasized that criminal defense counsel "should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013). Courts must faithfully apply the "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Id.* That is because "the *Strickland* test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted at trial." *Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1299 (11th Cir. 2014) (quotation marks omitted).

Movant has not overcome that strong presumption with regard to Dodge's representation. None of her claims of ineffective assistance of counsel has merit.

## IV.  Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255

18

AO 72A
(Rev.8/82)

Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because it is not reasonably debatable that Movant is not entitled to relief on her claims. The record flatly refutes Movant's claims that Dodge's performance was deficient and demonstrates that Movant was not prejudiced by any of Dodge's alleged deficiencies at the pre-plea, plea, sentencing, and appeal phases of this case.

## V.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence under 28 U.S.C. § 2255, as amended [88 & 208], be **DENIED**. **IT IS**

AO 72A
(Rev.8/82)

**FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** and

that case number 1:14-cv-1453-RWS-LTW be **DISMISSED**.

     **SO RECOMMENDED** this _13_ day of _December_, 2018.

                                _____

                                LINDA T. WALKER

                                UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)